*Decision will be entered under Rule 50.*

E. L. CORD, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 84860, 84861, 84862, 84863, 84864, 84890, 84891, 84892, 84893, 84919, 85016, 85018, 85019, 85032, 85033, 85034, 85035.

Promulgated December 15, 1938.

*John Enrietto, Esq.*, for the petitioners.
*Brooks Fullerton, Esq.*, and *Joseph C. Bruce, Esq.*, for the respondent.

---

[1] The titles and docket numbers of the proceedings of the 17 petitioners consolidated herein are set forth in the preliminary statement.

OPINION.

Murdock: There are a number of issues raised by the pleadings in these proceedings. If all of those issues were to be discussed and decided, additional facts should be stated. However, the first issue must be decided in favor of the petitioners and, that being so, all other issues and facts supporting those issues become immaterial. The first issue is whether the Commissioner has correctly determined that this syndicate was an association taxable as a corporation. If it was not taxable as a corporation, then it matters not what it was for tax purposes because the Commissioner here seeks to tax it solely as a corporation. Section 1111 (a) (2) of the Revenue Act of 1932 defines the term "corporation" as including associations. It does not define the term "association." It defines the term "partnership" as including "a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this Act, a trust or estate or a corporation." The above quoted definition of "partnerships" appeared for the first time in the Revenue Act of 1932, but the classification of associations as corporations appeared in earlier acts.

The Supreme Court, in discussing this question, said that the "inclusion of associations with corporations implies resemblance; but it is resemblance and not identity." *Morrissey* v. *Commissioner*, 296 U. S. 344. That case is one of the leading cases on the subject, but it did not lay down an absolute test. Each case must be decided upon its own facts by comparing the characteristics of the alleged association as shown in those facts with the characteristics typical of a corporation. If there is sufficient resemblance, the organization is taxable as a corporation, while if there is little similarity, it may not be so taxed. *N. B. Whitcomb Coca-Cola Syndicate*, 35 B. T. A. 1031; affd., 95 Fed. (2d) 596; *Mark L. Gerstle*, 33 B. T. A. 830; affd., 95 Fed. (2d) 587; *Stantex Petroleum Co., Trustee*, 38 B. T. A. 269; *C. H. Clovis*, 32 B. T. A. 646. The petitioners rely upon the above cited cases, as well as upon *Darol Trading Account*, 34 B. T. A. 837; *W. S. Farish*, 36 B. T. A. 1114; and *American Cities Power & Light Corpo-*

*ration*, 38 B. T. A. 74, and argue that the present case presents features which are even more favorable to the holding that the syndicate was not an association taxable as a corporation. The Commissioner admits that the *Whitcomb* and *Darol* cases support the petitioners, but contends that the present case is more like the case of *Vernon J. Bert*, 34 B. T. A. 805; affd., 92 Fed. (2d) 491. He further contends that the *Whitcomb* case can not be reconciled with the *Bert* case and the latter should be followed rather than the former. We distinguished the *Bert* case in the *Whitcomb* case. We hold, on authority of the group of cases cited above, that this syndicate was not an association taxable as a corporation.

The group got together for a short period only and for a single purpose, namely, to effect the sale of a block of Auburn stock owned by Cord so that Cord, in which all of the members were interested, could make a partial shift from the automobile to the aviation business. When as much of that stock as could be sold was sold, the syndicate was terminated. Title to the stock was never taken in the name of the syndicate. As the court said in the *Whitcomb* case, "An association which can be taxed as a corporation is organized with more permanency. It owns its property. Its managers are its agents. Its profits and losses are conceived of as its own, the associates as having ownership only in what may finally be distributed to them. A joint adventure is not such." That language is appropriate here also. There is this difference between the present agreement and that in the *Whitcomb* case which might be deemed unfavorable to the contention of the present petitioners. Here the manager was to buy and sell "for the account of the syndicate" and the stock was referred to as "held for the syndicate account", whereas in the *Whitcomb* case the corresponding language was "for the account of each subscriber." However, the word "syndicate" is a word of business and not of legal art, *Gates* v. *Megargel*, 266 Fed. 811, and the conclusion can not be drawn from the words used in this agreement that the syndicate was an entity separate from the participants, or that the manager was agent for the syndicate rather than for the participants. Cf. *William K. Dick et al., Executors*, 20 B. T. A. 637; *Gates* v. *Megargel, supra*. The evidence in the present case clearly indicates that the subscribers did not intend that the manager should be manager for a separate entity rather than for the individual subscribers. The manager had sole discretion in making purchases and sales, as well as in deciding upon other matters. The subscribers had practically no control over the manager. No capital was paid in and all transactions were financed with money advanced by the manager upon the credit of the members. The syndicate had no bank account. There were no certificates of interest. There was no provision for taking in additional capital or members or for the transfer of

interests, although it is probably true that adjustments might have been made if there had been any necessity for them. There were no directors, officers, employees, bylaws, meetings, minutes, place of business or use of the syndicate name as an entity. The Commissioner concedes that the subscribers did not attain the advantage of limitation of liability, as in the case of a corporate stockholder, and it is apparent that there was not such limitation of liability as in the case of a corporation since the remaining subscribers were to be liable pro rata for the obligations of any defaulting subscriber. Cf. *American Cities Power & Light Corporation, supra.* Also, the members were liable for expenses. Cf. *Stantex Petroleum Co., Trustee, supra.* The *Darol* case is quite like the present case in many important respects.

Reviewed by the Board.

*Decisions will be entered for the petitioners.*

SMITH and TURNER dissent.